# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNA BOYAJIAN,<br><br>Plaintiff<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC.,<br><br>Defendant | CASE NO. 1:16-CV-1470 AWI EPG<br><br>ORDER REMANDING MATTER TO THE FRESNO COUNTY SUPERIOR COURT |

On September 30, 2016, Defendant removed this matter from the Fresno County Superior Court on the basis diversity jurisdiction. Plaintiff alleges various claims against Defendant, but the case centers around a slip and fall by Plaintiff at one of Defendant's stores in Fresno, California.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997).

Federal courts exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant. See Hunter, 582 F.3d at 1043; Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see also 28 U.S.C. § 1332(a). If the "complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000." Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); see Matheson, 319 F.3d at 1090.

Here, there are problems with Defendant's removal.

First, although Defendant has done enough to show that it is a citizen of Texas, Defendant does not make any representations or allegations regarding Plaintiff's citizenship. A natural person, who is a citizen of the United States, is a citizen of the particular state in which she is domiciled. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001). The only allegation that arguably relates to Plaintiff's citizenship in the notice of removal is a statement that Plaintiff submitted herself to the jurisdiction of the Fresno County Superior Court. See Doc. No. 3 at ¶ 3. Submission to a state court's jurisdiction does not demonstrate citizenship.

Second, the Complaint is silent as to the amount of damages sought. The Complaint indicates that this is a slip and fall case. Plaintiff allegedly tripped and was injured from a loose floor mat. Although different types of compensatory damages are identified in the Complaint, no dollar amount is listed. Indeed, the Complaint's prayer merely requests damages "according to proof." See Doc. No. 3 at Ex. A at ¶ 14. Defendant attached no evidence to the notice of removal. The only relevant representation in the notice of removal states that Plaintiff's Complaint "is filed in unlimited civil jurisdiction, allowing a recovery in excess of $75,000 in state court." Doc. No.

3 at ¶ 9. In California, a case falls in the "unlimited civil jurisdiction" category of a state court if the plaintiff seeks more than $25,000.00. See Cal. Code Civ. P. §§ 85, 88. Thus, all that can be said is that at least $25,000 is at issue.[1] Defendant has not adequately demonstrated that the amount in controversy exceeds $75,000.00. See Kroske, 432 F.3d at 980; see Matheson, 319 F.3d at 1090.

Therefore, Defendant has not shown that the Court has diversity jurisdiction over this matter. From the Complaint and the notice of removal, there are significant uncertainties as to both Plaintiff's citizenship and the amount in controversy. The Court resolves those doubts against removal. Geographic Expeditions, 599 F.3d at 1107; Hunter, 582 F.3d at 1042; Gaus, 980 F.2d at 566. Because the Court's diversity jurisdiction has not been adequately invoked, this Court is without subject matter jurisdiction and must remand this case pursuant to 28 U.S.C. § 1447(c). Bruns, 122 F.3d at 1257; see also Tucker v. Lowe's Home Ctrs., LLC, 2015 U.S. Dist. LEXIS 158145 (C.D. Cal. Nov. 20, 2015) (*sua sponte* remanding case where notice of removal and complaint did not demonstrate subject matter jurisdiction); Dehaan v. Shumway, 2015 U.S. Dist. LEXIS 181714 (S.D. Cal. Oct. 2, 2015) (same).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1447(c), this case is REMANDED forthwith to the Fresno County Superior Court due to a lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   October 5, 2016                              _____
                                                      SENIOR DISTRICT JUDGE

---

[1] The Court also notes that the notice states that Defendant was served with the Complaint on August 29, 2016. See Doc. No. 3 at ¶ 1. However, this case was not removed until September 30, 2016. See Doc. No. 3. That is, removal was not timely because September 30 is more than 30 days from August 29. See 28 U.S.C. § 1446(b). This defect would also be a basis for remand, although it is not a basis that affects subject matter jurisdiction. See Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014).